The People of the State of Illinois ex rel. Frank Howse, Appellant, v. County of Shelby et al., Appellees.

**Gen. No. 8,398.**

Opinion filed April 22, 1930.

R. W. Adams and Geo. B. Rhoads, for appellant.

Eugene Bland, State's Attorney, for appellees.

Mr. Justice Niehaus delivered the opinion of the court.

In this case, People ex rel. Frank Howse filed a petition in the circuit court of Shelby county for a

writ of mandamus directed to the board of supervisors of Shelby county, commanding them that they forthwith proceed to take the lawful steps and do the lawful acts necessary to allow and grant the application of the petitioner to provide for and pay him the relief provided for in the act for the relief of the blind, chapter 23, ¶ 109 *et seq.,* Cahill's Revised Statutes 1929. A demurrer was filed to the petition and sustained by the court; and the petition was dimisssed. This appeal is prosecuted from the order of the court sustaining the demurrer and dismissing the petition.

Section 1 of the act referred to provides, that "It is lawful for and obligatory upon each county of this State to contribute such sums of money as are hereinafter prescribed, from the charity or general funds of said county, toward the support of each blind person who may come within the provisions of this Act"; and section 2 of the Act provides that: "All male persons over 21 years and all female persons over 18 years who are declared to be blind in the manner hereinafter set forth, and who come within the provisions of this Act, shall receive as a benefit," etc. It is clear that under section 2 of the Act referred to, only such persons are entitled to contribution from the county, who are declared to be blind in the manner set forth in the Act. The Act requires that the supervisors shall appoint a physician whose official title shall be "examiner of the blind"; and that the application of the person claiming that he is entitled to contribution from the county as a blind person, shall be referred to this "examiner of the blind" appointed by the board; and that this examiner shall indorse on the application a certificate to each applicant, showing whether he or she is blind or not. Under section 8 of the act, the duty of supervisors to provide for the payment of a contribution is limited to the persons who have complied with the provisions of the Act. There is no

averment in the petition that the application of the petitioner was referred to the physician who was appointed "examiner of the blind" by the supervisors, nor that this examiner indorsed on the application a certificate showing that the applicant was blind; the Act also requires that the persons claiming the contribution of money from the county shall be blind; not partially blind or industrially blind; and that the certificate of the examiner shall certify that they are blind.

We are of the opinion therefore that the petition did not contain the necessary averments of fact to show that the petitioner had complied with the requirements of the statute and was entitled to the contributions of money from the county; and that the court did not err in sustaining the demurrer to the petition and dismissing the same.

For the reasons stated the judgment is affirmed.

*Judgment affirmed.*