(No. 24894.—

C. A. PROFFITT *et al.* Appellees, *vs.* THE COUNTY OF CHRISTIAN, Appellant.

*Opinion filed February 15, 1939.*

Shaw, C. J., dissenting.

John W. Coale, State's Attorney, and Hershey & Bliss, for appellant.

John W. Fribley, and Wilton A. Carr, for appellees.

Mr. Justice Stone delivered the opinion of the court:

Appellees, ninety in number, claiming various sums under the act entitled "An act for the relief of the blind" (Ill. Rev. Stat. 1937, chap. 23, p. 295) filed in the circuit court of Christian county a bill for accounting against that county. By it they sought to collect unpaid blind-relief benefits due for various periods of time covering five years preceding the filing of the complaint. In their claim they aver that they had complied with the various sections of that act and had been accepted by the board of supervisors of Christian county as entitled to such benefits.

The prayer of the complaint is for an accounting and for a decree that the county pay to the plaintiffs the amounts found due. The defendant filed a motion to dismiss the complaint on the ground that the act for the relief of the

blind is unconstitutional and void and, therefore, no cause of action could arise under it; that none of the plaintiffs had any vested right to the fund and had no right at law to sue for the same, but that the provisions of the statute were for a gift, merely, the payment of which was voluntary and not mandatory. The defendant also answered denying blindness as to some of the applicants, and denying the averment that plaintiffs were not charges of charitable institutions.

The cause was referred to the master and evidence was taken. On hearing, it was stipulated that plaintiffs were residents of Christian county; had no more income than permitted under the statute, and that the exhibits consisting of affidavits of the applicants and certificates of the examining physician, copies of which were attached to the complaint, were correct copies of the originals, and that an exhibit made up by the county clerk showing the names on the blind-relief roll, the amounts which those parties had received from time to time, and the balance unpaid, if any was due, was correct. The only witness called by appellees was the examiner of the blind. It was shown that, throughout the period of five years next preceding the filing of the suit, the county had made certain payments to each of plaintiffs and that there were intervals in which no money was paid. The master reported recommending that relief be granted in the amounts shown in his report and by the evidence. Exceptions to the report were overruled and the chancellor entered a decree in accordance with the complaint.

It is contended by appellant, here, that the Blind Relief act is unconstitutional; that it provided a gift and gratuity, only, and gave no vested right to the beneficiary; that not all of appellees were shown to have been blind, and not all proved that they were not charges of some other charitable institution of the State, and that, for these reasons, the court erred in entering a decree for the plaintiffs.

It is said that the act granting relief to the blind is invalid as violative of articles 3 and 9 of the constitution, in that it is not complete, but is a delegation of unreasonable discretion, amounting to legislative power, to the examining physician, in contravention of article 3 of the constitution, and, further, it results in the imposition of a tax upon the county, contrary to article 9 of the constitution.

The pertinent provisions of the act are in substance as follows: "Sec. 1. It is lawful for and obligatory upon each county of this State to contribute such sums of money as are hereinafter prescribed, from the charity or general funds of said county, toward the support of each blind person who may come within the provisions of this act; and the State shall, in the manner hereinafter provided, reimburse each county to the extent of one-half the sums contributed by such county in compliance with the provisions of the act." Sections 2 and 3 designate who shall come within the act. By section 4 it is made the duty of the board of county commissioners or supervisors to appoint a regular practicing physician as examiner of the blind. Section 5 prescribes his duties, which are to examine all applicants referred to him by the board of supervisors, and to endorse on the application a certificate to each applicant "showing whether he or she is blind or not." By section 6 the applicants are to appear before the county clerk and make affidavit as to the facts which bring them within the provisions of the act, which is, by the act, deemed to be an application for benefits. Two citizens, residents of the county, are required to make affidavits to the fact that they have known the applicant to be a resident of the county for three years immediately preceding the filing of the application. The county clerk, by section 7, is required to register the names and addresses of the applicants, who shall be entitled to the benefits, and upon such registration and his certificate to the county commissioners of the names and ad-

dresses of the applicants so complying with the act, those applicants shall, on the first day of the months of January, April, July and October "be entitled to said benefit." By section 8 it is made the duty of the county board to provide, in its annual appropriation, for the payment, to the persons so entitled, of such benefits. Said appropriation to be made in the manner set forth in the act.

Appellant says that because the examiner of the blind is empowered, under the act, to say whether the applicant is or is not blind, such discretion is a delegation of legislative power. We are unable to accept this view. On the other hand we consider it but an administrative discretion legally bestowed. The question whether an applicant is blind must be determined by some competent authority. The legislature has imposed that duty upon the examiner, and the act in that regard is not different from many other statutes of this State where, in the administration of the law, other professions are called upon to determine facts essential to the proper administration of the act. The power given the examiner is not a delegation of legislative authority. *People* v. *Flaningam,* 347 Ill. 328; *People* v. *Hawkinson,* 324 id. 285; *People* v. *Apfelbaum,* 251 id. 18.

Counsel argue that because the act, as amended in 1935, by adding a sub-paragraph to the effect that an applicant shall be considered as blind whose sight is so defective as to render such person unable to perform the ordinary duties or tasks for which eyesight is essential, is evidence that the act did not provide who should be considered a blind person, and that, therefore, the examiner determined that matter in his own discretion. It must not be overlooked that the same discretion is given to the examiner under the amendment of 1935. Blindness is a term known to the average person of ordinary intelligence and where such a term is used, it needs no further definition on the part of the legislature. (*City of Chicago* v. *Matthies,* 320 Ill. 352.) The amendment of 1935 could not, therefore, have been

passed to cure a supposed delegation of legislative power to the examiner.

It is also argued that the certificate of the examiner determines whether the county shall pay this benefit. The statute prescribes only that the applicant shall be determined by the examiner to be blind. This is but one of the requirements. Other matters set out by the statute concerning residence, income and the like, are to be proved by affidavits of the parties, filed and registered with the county clerk. The county board of supervisors may, at any time, strike from the roll the name of a person on the blind-relief roll, when such person is no longer entitled to the benefit of the act.

Nor are the payments under this act to be considered as a gift or bounty. The act requires the counties to provide for such payments as a public charity. Such payments have a tendency to prevent the necessity for the erection of homes for the blind in those cases where they are unable to gain a livelihood. The maintenance and care of the blind falls in the same class of duties resting upon counties as the support of dependent children and the support of paupers. (*St. Hedwig's Industrial School* v. *County of Cook,* 289 Ill. 432; *Skinner* v. *Northern Trust Co.* 288 id. 229.) Where a pension has accrued the beneficiaries have a vested right therein. *Dodge* v. *Board of Education,* 364 Ill. 547.

Nor can it be said that this act contravenes article 9 of the constitution which prohibits the imposition of taxes upon municipal corporations by the legislature. Counties are political subdivisions of the State and their territory and revenues are subject to legislative control in matters pertaining to the public welfare. (*People* v. *County of Williamson,* 286 Ill. 44.) The power of the General Assembly to impose upon counties the duty to appropriate for and pay various charities under the Pauper act, has been fully sustained. In this case, under section 7, the applicant, upon compliance with the statute, is declared to be "entitled

to said benefit," and it follows, therefore, that where he has complied with the provisions of the act he is entitled to the judgment of a court of competent jurisdiction to enforce his right thereunder.

It is also argued on behalf of defendant that the record does not show that all of these applicants are not charges in some charitable institution. Their affidavits filed with the county clerk and offered in evidence show that they have complied with the act. The act declares that such affidavit, when so taken and filed, entitles the applicant to the benefits of the act. These affidavits are in evidence and there is no testimony to the contrary. We are of the opinion that the record sustains the decree in that regard.

The General Assembly, under the police power, has power to make such laws as are necessary to provide for the public welfare. This is such an act. We are of the opinion that it is valid, and the decree of the circuit court of Christian county is affirmed.  *Decree affirmed.*

Mr. CHIEF JUSTICE SHAW, dissenting.