RICHARD KIRCHGESSNER, Plaintiff-Appellant, v. THE COUNTY OF
TAZEWELL, Defendant-Appellee.

Third District   No. 3—86—0687

Opinion filed October 13, 1987.—Modified on denial of rehearing
December 10, 1987.

Ronald L. Hamm, of Hamm & Hanna, Ltd., of Peoria, for appellant.

John E. Cassidy, Jr., of Cassidy & Mueller, of Peoria, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

The plaintiff, Richard Kirchgessner, appeals from the trial court's dismissal of his complaint against the defendant, the County of Tazewell.

In his complaint, the plaintiff alleged that the defendant allowed a dog to escape from the Tazewell County Animal Shelter, which the defendant operates. The dog ran onto a highway, causing the plaintiff, who was riding a motorcycle, to strike it and injure himself. The plaintiff further alleged that the defendant was the "owner" of the dog, as defined in the Animal Control Act (the Act) (Ill. Rev. Stat. 1985, ch. 8, par. 352.16), and that the defendant owed a duty to prevent the dog from injuring the plaintiff.

In effect, the single-count complaint, while perhaps inartfully drafted, alleges both a cause of action based on statutory liability under the Animal Control Act and a separate cause of action based on common law negligence.

The defendant filed a motion to dismiss, contending that a gov-

ernmental unit operating a public pound cannot be liable to a private plaintiff for the negligent exercise of its operation. The trial court found that the defendant was not an "owner" of the dog under the Act, and that the defendant owed no duty to the plaintiff. Accordingly, the court granted the defendant's motion to dismiss.

On appeal, the plaintiff first argues that the trial court erred in ruling that the defendant was not an "owner" of the dog.

■■ The plaintiff desires that the defendant be declared an "owner" of the dog in order to bring the defendant within the scope of the liability provision of the Animal Control Act. Section 16 of the Act provides: "If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of such dog or other animal is liable in damages to such person for the full amount of the injury sustained." (Ill. Rev. Stat. 1985, ch. 8, par. 366.) Duty is not an element of such a cause of action (see *Stehl v. Dose* (1980), 83 Ill. App. 3d 440, 403 N.E.2d 1301), nor is it necessary to prove negligence on the part of the owner (*Thompson v. Dawson* (1985), 136 Ill. App. 3d 695, 483 N.E.2d 1072).

Section 2.16 of the Act defines "owner" as "any person having a right of property in a dog or other animal, or who keeps or harbors a dog or other animal, or who has it in his care, or acts as its custodian, or who knowingly permits a dog or other domestic animal to remain on or about any premise occupied by him." (Ill. Rev. Stat. 1985, ch. 8, par. 352.16.) " 'Person' means any person, firm, corporation, partnership, society, association or other legal entity, any public or private institution, the State of Illinois, municipal corporation or political subdivision of the State, or any other business unit." Ill. Rev. Stat. 1985, ch. 8, par. 352.17.

■■ ■ The cardinal rule of statutory construction, to which all other canons and rules are subordinate, is to ascertain and give effect to the legislature's intent. (*Stewart v. Industrial Com.* (1987), 115 Ill. 2d 337, 504 N.E.2d 84.) The legislature has the power to articulate reasonable definitions of any terms within its enactment and such definitions, for the purposes of its acts, will be sustained to the exclusion of hypothetical indulgences. *Mack v. Seaman* (1983), 113 Ill. App. 3d 151, 446 N.E.2d 1217.

■ The keeper of an animal, as well as its owner, can be held liable under the Animal Control Act. (*Clark v. Rogers* (1985), 137 Ill. App. 3d 591, 484 N.E.2d 867.) A keeper of an animal has been defined in terms of management, custody, care or control. *Heyen v. Willis* (1968), 94 Ill. App. 2d 290, 236 N.E.2d 580.

The defendant in the instant case, being a political subdivision of the State (*Proffitt v. County of Christian* (1939), 370 Ill. 530, 19 N.E.2d 345), comes within the definition of a "person" under the Act. Further, if the plaintiff's allegations prove true, the defendant's custody, care and control of the dog would make it an "owner" for purposes of liability under the Act. See *Clark v. Rogers* (1985), 137 Ill. App. 3d 591, 484 N.E.2d 867; *Heyen v. Willis* (1968), 94 Ill. App. 2d 290, 236 N.E.2d 580.

The defendant contends, however, that the legislature specifically excepted public animal shelters from the definition of "owner" by providing separate definitions of "pound" and "public pound."

The Act defines "pound" as "any facility approved by the Administrator for the purpose of enforcing this Act and used as a shelter for seized, stray, homeless, abandoned, or unwanted dogs or other animals." (Ill. Rev. Stat. 1985, ch. 8, par. 352.18.) "Public pound," notes the defendant, is separately defined in section 1 of the Impounding and Disposition of Stray Animals Act as "an agency operated by a municipality or other political subdivision or under contract therewith to confine animals which have been picked up while running at large, provided, however, that humane or welfare organizations organized, or which may be organized, under the laws of this State shall not be construed as being within the terms of this Act, with respect to the disposition of injured stray animals, or the disposition of animals given to such organizations by their owners." Ill. Rev. Stat. 1985, ch. 111½, par. 128.

■■ ■ We find the defendant's argument unpersuasive. Where the language of a statute is unambiguous, and its purpose and effect are permissible under the constitution, the statute must be interpreted and applied in the manner in which it is written. (*In re Marriage of Logston* (1984), 103 Ill. 2d 266, 469 N.E.2d 167; *Kozak v. Retirement Board of Firemen's Annuity & Benefit Fund* (1983), 95 Ill. 2d 211, 447 N.E.2d 394.) A court must read the statute as a whole, according full significance and effect, if possible, to every sentence, phrase, and word. *Davis v. Attic Club* (1977), 56 Ill. App. 3d 58, 371 N.E.2d 903.

■ The defendant is trying to create ambiguity where none exists. There is no conflict in giving full meaning to the Animal Control Act's definitions for both "pound" and "person." The definition of "pound" provides guidance for other provisions of the Act which empower the administrator to place animals in a "pound." Nowhere in the Act are such pounds excepted from the plain and clear definition of "person," which, as previously noted, includes the defendant's ani-

mal shelter. We therefore find that the trial court erred in ruling that the defendant was not an "owner" under the Act. Accordingly, we reverse and remand for further proceedings to determine the liability, if any, under section 16 of the Animal Control Act.

■ The plaintiff's second argument on appeal is that the negligence of a county employee in allowing a dog to escape, thereby causing damage, is actionable against the county.

In support of his position, the plaintiff argues that the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1985, ch. 85, par. 1—101 *et seq.*) does not protect the defendant from liability for the instant alleged acts of its employee. We find, however, that immunity was not the basis for the trial court's dismissal of the plaintiff's complaint. Instead, the court ruled that the defendant did not owe any duty to the plaintiff to exercise reasonable care in avoiding the instant accident. Since there can be no recovery in tort for negligence unless the defendant has breached a duty owed to the plaintiff (*Wimmer v. Koenigseder* (1985), 108 Ill. 2d 435, 484 N.E.2d 1088), the trial court dismissed the defendant's negligence complaint. Accordingly, if the trial court correctly ruled that the defendant owed no duty to the plaintiff, it is irrelevant whether the Tort Immunity Act applies.

It has consistently been held in Illinois that a governmental body, when exercising authority pursuant to a governmental duty and for a governmental purpose, cannot be liable to a private plaintiff for the negligent exercise of that authority. (*Fryman v. JMK/Skewer, Inc.* (1985), 137 Ill. App. 3d 611, 484 N.E.2d 909.) The reasoning behind this rule is that when the exercise of governmental authority is discretionary and for the general public's health and safety, the duty being carried out runs to the public generally, not to any particular person. 137 Ill. App. 3d 611, 484 N.E.2d 909.

■ The Tazewell County Animal Shelter was created by the defendant to benefit the public health and safety of the people of the county. We find that operation of the shelter is a discretionary action undertaken pursuant to a governmental duty and for a governmental purpose. (See *Stigler v. City of Chicago* (1971), 48 Ill. 2d 20, 268 N.E.2d 26.) Accordingly, the trial court properly ruled that the defendant owed the plaintiff no individual duty which could sustain a negligence cause of action.

The judgment of the circuit court of Tazewell County that the defendant cannot be an "owner" for purposes of liability under the Animal Control Act is reversed. That portion of the plaintiff's cause of action is remanded for further proceedings. The remainder of the

circuit court's judgment dismissing the common law action for negligence as against defendant is affirmed.

Affirmed in part; reversed and remanded in part.

BARRY, P.J., and STOUDER, J., concur.