# Illinois Official Reports

## Appellate Court

***Republic Bancorp Co. v. Beard*, 2018 IL App (2d) 170350**

| | |
|---|---|
| Appellate Court Caption | REPUBLIC BANCORP COMPANY, Plaintiff-Appellant, v. CONSTANCE BEARD, in Her Official Capacity as Director of Revenue; MICHAEL W. FRERICHS, in His Official Capacity as Treasurer; and THE DEPARTMENT OF REVENUE, Defendants-Appellees. |
| District & No. | Second District<br>Docket No. 2-17-0350 |
| Filed | June 8, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 16-MR-1234; the Hon. Bonnie M. Wheaton, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Wynne, Jennifer C. Waryjas, and Douglas A. Wick, of Jones Day, of Chicago, for appellant.<br><br>Lisa Madigan, Attorney General, of Chicago (David L. Franklin, Solicitor General, and Evan Siegel, Assistant Attorney General, of counsel), for appellees. |
| Panel | JUSTICE BIRKETT delivered the judgment of the court, with opinion.<br>Justices McLaren and Zenoff concurred in the judgment and opinion. |

**OPINION**

¶ 1 In tax years 2012, 2013, and 2014, plaintiff, Republic Bancorp Company, asserted a tax deduction that, upon auditing, was disallowed by defendant, the Department of Revenue (Department). The Department thereafter assessed plaintiff the taxes, penalties, and interest accruing from the disallowed deduction. Plaintiff paid the assessment under protest and filed in the circuit court of Du Page County a declaratory-judgment action against defendants, Constance Beard in her official capacity as Director of the Department, Michael W. Frerichs in his official capacity as Treasurer, and the Department, seeking a declaration that it was entitled to the claimed deduction (count I) or, alternatively, that it had a good-faith basis for claiming the deduction that should serve to abate the assessed penalties (count II), and seeking the issuance of an injunction prohibiting the Department from transferring plaintiff's protest payment to the State's general fund and, ultimately, praying for a return of the protest payment upon plaintiff's success in this action (count III). The parties filed cross-motions for summary judgment. The trial court granted defendants' motion for summary judgment and denied plaintiff's motion for summary judgment, and plaintiff appealed, arguing that the trial court's interpretation of the relevant provisions was incorrect. We affirm.

¶ 2                                            I. BACKGROUND

¶ 3 We summarize the pertinent facts appearing in the record. Plaintiff is a subchapter S corporation for both federal and state income tax purposes. A subchapter S corporation is treated as a pass-through entity that does not pay tax; instead, the income of a subchapter S corporation is attributed directly to its owners. 26 U.S.C. § 1361 (2012); 35 ILCS 5/205(c) (West 2016). It is also a family-operated bank, headquartered in Oak Brook, and serving the Chicago area since 1964. Plaintiff's shareholders consist of seven grantor trusts. A grantor trust is a trust where the grantor has retained certain powers that result in the grantor, and not the trust, being treated as the owner of the assets for tax purposes. 26 U.S.C. §§ 671-678 (2012); 35 ILCS 5/205(e) (West 2016).

¶ 4 In July 2016, after auditing plaintiff, the Department sent notices of deficiency for the tax years ending in December 2012, 2013, and 2014. According to the Department, plaintiff had claimed an improper subtraction modification pursuant to section 203(b)(2)(S) of the Illinois Income Tax Act (Act) (35 ILCS 5/203(b)(2)(S) (West 2016)) for the amounts that plaintiff had distributed to its shareholders—all of which were grantor trusts. The Department computed the tax deficiency to be $642,294, the penalties to be $128,458.80, and the interest to be $40,667.60, for a total assessed amount of $811,420.40. In September 2016, plaintiff paid to the Treasurer the total amount owing under protest, pursuant to the State Officers and Employees Money Disposition Act (Money Disposition Act) (30 ILCS 230/1 *et seq.* (West 2016)).

¶ 5 On September 16, 2016, plaintiff filed its complaint against defendants. On September 30, the trial court entered an agreed order granting plaintiff's motion for an injunction to prevent defendants from cashing its protest tax deficiency payment. On January 17, 2017, the parties filed cross-motions for summary judgment.

¶ 6 The record does not contain a transcript of any hearing on the cross-motions for summary judgment, only the motions and related written submissions in support and opposition. On

April 19, 2017, the trial court denied plaintiff's motion for summary judgment and granted defendants' motion for summary judgment:

"This matter came before the Court for hearing on Cross Motions for Summary Judgment. It appears to be a case of first impression, involving the relationship between the Personal Property Replacement Income Tax ('Replacement Tax') [(35 ILCS 5/201 *et seq.* (West 2016))], and grantor trusts.

Prior to the enactment of the 1970 Constitution, local taxing bodies were allowed to impose *ad valorem* taxes on personal property of corporations, partnerships and other business entities. The 1970 Constitution abolished those taxes. The Replacement Tax was enacted to compensate local districts for the loss of revenue. The Replacement Tax is assessed on specified entities in addition to state income tax at rates set by the legislature. At issue is whether [plaintiff's] shareholders are among those specified entities subject to the Replacement Tax.

[Plaintiff] is a Subchapter S corporation ('Sub S Corp') for the purpose of taxation under the federal Internal Revenue Code [(26 U.S.C. § 1 *et seq.* (2012))] and the [Act]. The shares of [plaintiff] are held by family members in grantor trusts in which the family member retains powers over the trust corpus to the extent that income to the trust is attributable to the family member and not to the trust itself for tax purposes. For federal and state income tax purposes, the income of [plaintiff] is attributed to the family members themselves, whether they hold their shares individually or as grantors of grantor trusts.

The issue before the Court is essentially whether the grantor trusts are subject to Replacement Taxes in addition to the state income tax paid by the grantors. [Plaintiff] contends that the grantor trusts are subject to the Replacement tax [*sic*] because they are excluded from the class of trusts which are relieved of the burden of paying the Replacement Tax. [Defendants] contend that in its returns for 2012, 2013 and 2014 [plaintiff] improperly deducted income distributable to trusts which were [not] subject to (*i.e.*, required to pay) Replacement Tax because they were relieved of that liability by the terms of [section 205(e) of the Act (35 ILCS 5/205(e) (West 2016))].

[Defendants point] out that grantor trusts are not specifically defined in the [Act], necessitating reference to the [Internal Revenue Code] for definition. Under the [Internal Revenue Code], grantor trusts are disregarded for tax purposes, and all income is attributed to the individual grantor. Under [the Department's] regulations, grantor trusts are likewise not treated as a trust for income tax purposes.

If the grantor trusts ARE subject to Replacement tax [*sic*], then the grantor trusts are liable for payment of Replacement Tax. However, under both the [Internal Revenue Code] and the [Act], grantor trusts are disregarded entities and are not required to pay taxes. The tax liability flows to the grantor as an individual. However, individuals are excluded from the class of entities required to pay Replacement tax [*sic*]. In contrast, if grantor trusts are NOT required to pay Replacement Tax, then [plaintiff] erroneously deducted the Replacement Tax liability.

The issue of grantor tax liability was addressed by the Illinois Supreme Court in *Hanley v. Kusper*, [61 Ill. 2d 452 (1975)]. The Supreme Court [*sic*] 'again rejected the claim that all personal property held in trust for natural persons is exempt from taxation'. The Court [*sic*] then drew a distinction between trusts 'intended to be

exempted from taxation *** in which the natural person who owns the property is prevented by law from dealing with it as a natural person.' It then goes on to say that '[t]hese situations, in our opinion, are distinguishable from voluntary fiduciary relationships created to accomplish results that could not be achieved so long as the property is owned by a natural person.'

However, the Illinois legislature appears to have remedied the situation addressed in the *Hanley* case. The [Act] in effect in 2011 states ***:

'(e) Certain Trusts. A common trust fund described in section 584 of the Internal Revenue Code, and any other trust to the extent that the grantor is treated as the owner thereof under sections 671 through 678 of the Internal Revenue Code shall not be subject to the tax imposed by this Act.' [35 ILCS 5/205(e) (West 2016).]

While an argument can be made that this section refers only to the imposition of income tax, the Replacement tax [*sic*] is also covered in another section of 'this act'. The [Act] must be read as a whole, in a manner that does not render one section meaningless.

As pointed out above, the interpretation urged by [plaintiff] would lead to an absurd result. The trusts would be subject to (*i.e.*, required to pay) Replacement Tax under one section of the [Act] but would be relieved of that burden by another section which imputes income to the individual grantor, who would not be required to pay the Replacement Tax. The entire [Act] must be read in a manner that would not lead to such a result.

IT IS THEREFORE ORDERED that the Motion for Summary Judgment of [plaintiff] is denied. The Motion for Summary Judgment of [defendants] is granted. The Court finds that Plaintiff is liable for taxes for the years in question on the sums it improperly deducted for Replacement Tax, plus applicable interest and penalties.

This is a final and appealable order, with no just reason to delay appeal or enforcement."

¶ 7   Plaintiff timely appeals.

¶ 8                                    II. ANALYSIS

¶ 9   On appeal, plaintiff argues that the trial court misread section 205(e) of the Act (35 ILCS 5/205(e) (West 2016)) as exempting grantor trusts from the replacement tax and that it misinterpreted the phrase "subject to" to mean "required to pay," thereby improperly inserting a requirement into section 205(e) not expressly intended by the legislature. Plaintiff also argues that understanding the phrase "subject to" to mean "required to pay" leads to absurd results under the Illinois Constitution. Finally, plaintiff contends that the Department's regulation defining a trust is unconstitutional because it excludes a grantor trust from taxes, contrary to the requirements of the Illinois Constitution. We will consider each argument in turn, but first, we will consider the various constitutional and statutory provisions at issue to ascertain the intent of the framers and the legislature.

¶ 10                               A. Constitutional and Statutory Framework

¶ 11        We begin by providing an overview of the constitutional and statutory provisions at issue in this appeal. Before 1970, Illinois imposed an *ad valorem* tax on personal property. With the adoption of the 1970 Illinois Constitution, the *ad valorem* taxation of personal property was abolished, but the revenue that was lost from the abolition of the *ad valorem* personal property tax was mandated to be replaced by the imposition of a tax "solely on those classes relieved of the burden of paying ad valorem personal property taxes." Ill. Const. 1970, art. IX, § 5(c). The legislature fulfilled the constitutional mandate in section 201 of the Act by defining the personal property tax replacement income tax (replacement tax). 35 ILCS 5/201 (West 2016). Subsection (c) provides:

> "Personal Property Tax Replacement Income Tax. Beginning on July 1, 1979 and thereafter, in addition to such income tax, there is also hereby imposed the Personal Property Tax Replacement Income Tax measured by net income on every corporation (including Subchapter S corporations), partnership and trust, for each taxable year ending after June 30, 1979. Such taxes are imposed on the privilege of earning or receiving income in or as a resident of this State. The Personal Property Tax Replacement Income Tax shall be in addition to the income tax imposed by subsections (a) and (b) of this Section and in addition to all other occupation or privilege taxes imposed by this State or by any municipal corporation or political subdivision thereof." *Id.* § 201(c).

Additionally, subsection (d) provides that the replacement tax "in the case of a partnership, trust or a Subchapter S corporation shall be an additional amount equal to 1.5% of such taxpayer's net income for the taxable year." *Id.* § 201(d).

¶ 12        The parties agree that plaintiff is a subchapter S corporation, which, for tax purposes, is treated as a pass-through entity, meaning that the entity itself is not responsible for taxes because the income is directly attributed to the owners of the entity. The parties also agree that the owners/shareholders of plaintiff are all "grantor trusts," which are also pass-through entities for tax purposes.

¶ 13        However, subchapter S corporations are allowed to subtract the share of income distributable to shareholders that is subject to the replacement tax. *Id.* § 203(b)(2)(S). This subtraction avoids the double-taxing of the shareholder's income that would occur if first the replacement tax were imposed on a subchapter S corporation, based on the income passed through to the shareholder, and then all of the income passed through to the shareholder were taxed. By allowing the subtraction, section 203(b)(2)(S) ensures that the income of an owner or shareholder of a subchapter S corporation is taxed but a single time.

¶ 14        In this case, the owners or shareholders of plaintiff were themselves pass-through entities, namely, grantor trusts. Section 205 of the Act (*id.* § 205) exempts certain entities from either income or replacement taxes, or both. Subsection (c) provides: "A Subchapter S corporation shall not be subject to the tax imposed by subsection 201 (a) and (b) of this Act [(imposing a tax on income)] but shall be subject to the replacement tax imposed by subsection 201 (c) and (d) of this Act ***." *Id.* § 205(c). Subsection (e) provides:

> "A common trust fund described in Section 584 of the Internal Revenue Code [(26 U.S.C. § 584 (2012))], and any other trust to the extent that the grantor is treated as the owner thereof under sections 671 through 678 of the Internal Revenue Code [(26 U.S.C. §§ 671-678 (2012))] shall not be subject to the tax imposed by this Act." *Id.*

§ 205(e).

B. Interpretation of Section 205(e) of the Act

¶ 16        Plaintiff argues that section 205(e) of the Act cannot be interpreted in the fashion adopted by the trial court. According to plaintiff, the exemption of grantor trusts from the singular "tax" in section 205(e) applies only to income tax and not the replacement tax. Plaintiff then argues that the trial court erred by equating the phrase "subject to" in section 205(e) with "required to pay." We address these contentions in turn.

¶ 17        First, however, we consider our standard of review. This matter is before us following the trial court's resolution of the parties' cross-motions for summary judgment. Summary judgment is appropriate only where the pleadings, depositions, admissions, and affidavits on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and that the moving party is clearly entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2016); *Gurba v. Community High School District No. 155*, 2015 IL 118332, ¶ 10. By filing cross-motions for summary judgment, the parties represent that there are no genuine issues of material fact and that only a question of law is involved. *Id.* Our review of the disposition of a motion for summary judgment is *de novo*; likewise, we review questions of law *de novo*. *Id.*

¶ 18        The interpretation of statutory or constitutional provisions involves questions of law. *Id.* We approach the interpretation of both types of provisions in the same way. The cardinal interpretive rule is to ascertain and give effect to the intent of the legislature (in the case of a statutory provision) and of the framers who adopted it (in the case of a constitutional provision). *Stevens v. Village of Oak Brook*, 2013 IL App (2d) 120456, ¶ 14. The tools used for construing a provision are the same in both cases. *Id.* The best indication of intent, of the legislature or the framers as the case may be, is the language of the provision given its plain and ordinary meaning. *In re Marriage of Heroy*, 2017 IL 120205, ¶ 13. Where the language is clear and unambiguous, the provision will be given effect as written, without resort to other aids of construction. *Id.* If the language is ambiguous, other interpretive aids may be employed. *Id.*

¶ 19        Plaintiff first contends that the exemption of grantor trusts from the "tax imposed by this Act" refers only to the income tax described in sections 201(a) and (b) and not the replacement tax described in sections 201(c) and (d). Plaintiff bases this contention on the development of the Act.

¶ 20        In 1969, the Act, imposing an income tax, was adopted. At that time, section 2-205(e) provided that grantor trusts "shall not be subject to the tax imposed by this Act." Ill. Rev. Stat. 1971, ch. 120, § 2-205(e). In 1979, the replacement tax was enacted. However, even through to the present day, section 205(e) continued to provide that grantor trusts "shall not be subject to the tax imposed by this Act." 35 ILCS 5/205(e) (West 2016). Plaintiff reasons that, because an additional tax, namely, the replacement tax, was added to section 201, the failure to account for that in the section 205 exemption of grantor trusts means that the legislature intended the exemption to apply only to the income tax and not the replacement tax. We disagree.

¶ 21        Plaintiff appears to advert to the converse of the interpretive principle that amending a statute creates the presumption that the amendment was intended to change the law. *Ready v. United/Goedecke Services, Inc.*, 232 Ill. 2d 369, 380 (2008). Plaintiff argues that, because the exemption of grantor trusts originally referred only to income tax defined in section 2-201(a),

the legislature's amendment of the statute to include the replacement tax, without amending section 205(e) to refer to "taxes" instead of "tax," must mean that it intended the exemption to exclude the replacement tax. There are at least two problems with this argument.

¶ 22    First, rules of construction are applied only where the statute is ambiguous. *Id.* at 379-80. Plaintiff appears to imply that the failure to amend "tax imposed by this Act" renders section 205(e) ambiguous. We do not agree, as will be seen below. Second, plaintiff does not cite any authority to support its implication. The failure to cite authority forfeits the contention. Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013).

¶ 23    Forfeiture aside, however, the very terms of the Act rebut plaintiff's argument about the legislature's failure to amend "tax" to "taxes." Section 1501(b)(1)(A) of the Act (35 ILCS 5/1501(b)(1)(A) (West 2016)) provides: "Words importing the singular include and apply to several persons, parties or things ***." When read in conjunction with this definitional section 1501(b)(1)(A), the section 205(e) reference to "tax" imports the plural "taxes" as necessary. Moreover, the replacement tax is defined to be a "replacement income tax" for the now-abolished *ad valorem* property tax. *Id.* § 201(c). To the extent that plaintiff attempts to sever the replacement tax from the income tax purportedly solely covered in section 205(e), this fact frustrates the attempt. Additionally, the tax described by the Act appears to be comprised of several parts, among which are the income tax (*id.* § 201(a)) and the replacement tax (*id.* § 201(c)). The reference to the singular "tax" in section 205(e) recognizes the tax imposed by the Act, no matter how many constituents make up that tax. Plaintiff's contention, therefore, fails on the merits in any event.

¶ 24    Plaintiff also argues that the trial court's construction of section 205(e) so as to avoid an absurd result was improper, because it equated "subject to" with "required to pay." In rendering its decision, the trial court reasoned that:

> "the interpretation urged by [plaintiff] would lead to an absurd result. The [grantor] trusts would be subject to (*i.e.*, required to pay) Replacement Tax under one section of the [Act] but would be relieved of that burden by another section which imputes income to the individual grantor, who would not be required to pay the Replacement Tax."

The trial court believed this to be an absurd result and rejected plaintiff's argument.

¶ 25    Plaintiff argues that the abolition of the *ad valorem* tax applied to all trusts and that therefore all trusts must be subject to the replacement tax as mandated by section 5(c) of article IX of the Illinois Constitution. Plaintiff reasons that the implementation of the replacement tax in section 205(e) of the Act required the legislature to forgo extending the exemption to cover both the income tax and the replacement tax.

¶ 26    Our construction of the plain language of section 205(e) forecloses plaintiff's argument. In addition, on review, we review the trial court's judgment, not its reasoning. *First Mortgage Co. v. Dina*, 2017 IL App (2d) 170043, ¶ 39. Thus, the trial court's decision to equate "subject to" with "required to pay"—while it may be considered and adopted if the reasoning is persuasive—is not properly under review.

¶ 27    Finally, we note that plaintiff attempts to draw our attention away from the actual words used in the provision in favor of a phrase that actually contradicts that language. Section 205(e) provides, relevantly: "[grantor trusts] shall *not* be subject to the tax imposed by this Act." (Emphasis added.) 35 ILCS 5/205(e) (West 2016). By omitting the negation "not," plaintiff

masks the actual meaning of section 205(e), which is to exempt grantor trusts from the "tax imposed" by the Act. The precise dictionary definition of "subject to" is unnecessary for our purposes in construing section 205(e), because the phrase "shall not be subject to" the tax imposed by the Act clearly and unambiguously exempts grantor trusts from the income tax and the replacement tax and the other components of "the tax imposed by this Act." Accordingly, we reject plaintiff's arguments about the construction of section 205(e).

¶ 28    Plaintiff argues that defendants' construction of section 205(e) is unconstitutional. Instead, plaintiff proposes that all trusts, including grantor trusts, are "subject to" the replacement tax, but since a grantor trust's income is passed through to the grantor, its income will be zero, resulting in no actual tax liability. We disagree.

¶ 29    True, section 5(c) of article IX does require that a replacement tax be placed on "those classes relieved of the burden of paying ad valorem personal property taxes because of the abolition of such taxes." Ill. Const. 1970, art. IX, § 5(c). It is also true that certain trusts, including grantor trusts "shall not be subject to the [replacement] tax imposed" by the Act. 35 ILCS 5/205(e) (West 2016). This exemption does not relieve the general class of "trusts" from the replacement tax. Rather, it exempts only certain types of trusts, such as grantor trusts, from the replacement tax. Accordingly, we perceive no constitutional difficulty accruing to section 205(e).

¶ 30                 C. Absurd Results if "Subject to" Means "Required to Pay"

¶ 31    Notwithstanding its argument above that the trial court erroneously equated "subject to" in section 205(e) with "required to pay," plaintiff separately advances "additional reasons why 'subject to' cannot have been intended to mean 'required to pay.' " First, plaintiff contends, implicitly, that section 205(e), as interpreted by defendants, runs afoul of the Illinois Constitution. Plaintiff argues that section 5(c) of article IX of the Illinois Constitution requires "those classes relieved of the burden of paying ad valorem personal property taxes" to be subject to the replacement tax. Ill. Const. 1970, art. IX, § 5(c). Trusts are among the classes affected by the abolition of the *ad valorem* tax and therefore subject to the replacement tax. Plaintiff reasons that, if "tax" in section 205(e) includes the replacement tax, then grantor trusts are exempted from the replacement tax and this would contravene the constitution because all trusts are subject to the replacement tax.

¶ 32    In *Continental Illinois National Bank & Trust Co. of Chicago v. Zagel*, 78 Ill. 2d 387 (1979), our supreme court considered a challenge to the constitutionality of the replacement tax. The court held that the replacement tax was constitutional even though the replacement tax revenue exceeded by about 10% the revenue that would have been generated by the *ad valorem* tax, remarking that the constitution did not "require[ ] a dollar-for-dollar replacement" because the drafters of the constitution intended "to give the General Assembly leeway to arrive at a reasonable replacement solution." *Id.* at 399-400. Our supreme court further emphasized "that section 5(c) of article IX does not require in the replacement tax an exact correlation of persons and property taxed with those formerly subject to [the *ad valorem*] personal property tax. Such a result was specifically rejected by the drafters." *Id.* at 403.

¶ 33    In our view, our supreme court recognized the flexibility intended by the drafters and the voters who passed the 1970 constitution to achieve the replacement tax mandate in section 5(c) of article IX. The leeway regarding the revenues replaced by the replacement tax extends to choosing the persons and property taxed. *Id.* Thus, section 205(e)'s exemption of grantor trusts

from the scope of the replacement tax does not run afoul of the constitution. First, because the general class of trusts is still subject to the replacement tax, only the trusts identified as grantor trusts (as relevant here) are exempted. Second, because the clear and unambiguous language of section 205(e) exempts grantor trusts, we must give effect to the statutory language as written where it does not run afoul of any constitutional strictures. *Kirchgessner v. County of Tazewell*, 162 Ill. App. 3d 510, 513 (1987).

¶ 34      Plaintiff attempts to distinguish *Zagel*, noting that, as is "germane to our case, the Court never stated or even suggested that an Illinois trust could be exempt from the Replacement Tax," citing *Zagel*, 78 Ill. 2d at 398-401. While the portion of *Zagel* relied upon by plaintiff deals specifically with the issue of whether the replacement tax must be mathematically equal to the *ad valorem* property tax, the broader point inferable from our supreme court's judgment is that the legislature had both leeway and discretion as to how it would implement the replacement tax. Moreover, our supreme court recognized that section 5(c) of article IX "does not require in the replacement tax an exact correlation of persons and property taxed with those formerly subject to" the *ad valorem* property tax. *Id.* at 403. This is amplified by our supreme court's recognition, based upon the proceedings of the constitutional convention, that it was "clear that the replacement tax was intended to be imposed broadly on those *classes* [of previously burdened taxpayers] rather than on those particular persons relieved of paying the personal property tax." (Emphasis in original.) *Id.* at 403-04. Plaintiff's attempt to distinguish *Zagel*, therefore, fails.

¶ 35      Next, plaintiff argues that the trial court's equating "subject to" with "required to pay" poses difficulties in determining whether a grantor trust or subchapter S corporation would be required to pay taxes in a given tax year. Regarding the grantor trust, plaintiff asserts that understanding "subject to" as "required to pay" would mandate "a continuous analysis of whether a trust is a grantor trust or not," based on the amount of control over the trust the grantor exercises. Likewise, according to plaintiff, a subchapter S corporation "would have to know at the time of preparing its own Illinois Replacement Tax return whether the shareholder trust [was], in that tax year, triggering criteria under the [Internal Revenue Code] which [would] render the grantor rather than the trust liable for federal and state income tax."

¶ 36      How the trial court interpreted the language of section 205(e) is not at issue; rather, the trial court's judgment is under review. *Dina*, 2017 IL App (2d) 170043, ¶ 39. Whether the trial court was justified in reasoning that "subject to" was synonymous with "required to pay" is, in any event, irrelevant where we have determined that section 205(e) is clear and unambiguous and must be applied as written. See *Kirchgessner*, 162 Ill. App. 3d at 513 (clear and unambiguous statutory language accomplishing a constitutional purpose must be applied as written). Thus, the trial court's interpretation of "subject to," to the extent that it relied upon that understanding to reach its result, is unimportant where the trial court's judgment was correct.

¶ 37      Next, plaintiff argues that its corporate structure was incentivized by a 2000 amendment to the Act (see Pub. Act 91-913 (eff. Jan. 1, 2001) (adding 35 ILCS 5/203(b)(2)(S))) expressly allowing a subchapter S corporation to subtract from its income the amount of the replacement tax allocated to its shareholders. Plaintiff argues that the trial court's construction of section 205(e) ultimately misallocates the replacement tax. Plaintiff's argument sounds in the interpretive tool that, where the intent of the legislature is not obvious from the plain words of the provision, the court may consider the purpose of the statute, the problems targeted by the

statute, and the goals sought to be achieved by the statute. *Moore v. Green*, 219 Ill. 2d 470, 479-80 (2006). However, where, as here, the language of the statute is clear and unambiguous, it must be applied as written without resorting to any of the other tools of statutory interpretation. *Id.* at 479. Plaintiff's argument also invites us to make the type of policy determination that is better left to the legislature. For both of these reasons, we reject plaintiff's contentions.

¶ 38 Plaintiff argues that the trial court's interpretation of "subject to" in section 205(e) does not jibe with the use of "subject to" in sections 205(b) and (c). Once again, the trial court's specific understanding of "subject to" is of no moment. We note that plaintiff does not say that the use of "subject to" in section 205(e) conflicts with a reasonable understanding of its use in the other sections, or even that the express division between the income and replacement tax in sections 205(b) and (c) somehow suggests that the singular "tax" used in section 205(e) must be limited to the income tax and must exclude the replacement tax. If anything, the fact that partnerships are not subject to the income tax but are subject to the replacement tax (35 ILCS 5/205(b) (West 2016)), and subchapter S corporations are not subject to the income tax but are subject to the replacement tax (*id.* § 205(c)), suggests that, by not differentiating the two components, "tax" in section 205(e) was intended to encompass both the income tax and the replacement tax, thereby leaving grantor trusts "not subject to" either (*id.* § 205(e)). Accordingly, we reject plaintiff's contention on this point.

¶ 39 Last, plaintiff contends that our interpretation of section 205(e) usurps the role of the legislature to choose and define public tax policy. Plaintiff argues that a grantor trust could be made to pay a tax on income allocated to it from a subchapter S corporation as well as the replacement tax but that this would require a definite legislative action. Plaintiff argues that we may not extend section 205(e) beyond applying to only income tax without infringing upon the legislature's bailiwick. We disagree. Section 205(e) is clear and unambiguous. Rather than infringing the legislature's prerogative, we are discerning and giving effect to its intent as exemplified by the plain and unambiguous language employed in section 205(e). Accordingly, we reject plaintiff's contention.

¶ 40 D. The Unconstitutionality of the Department's Regulation

¶ 41 Plaintiff next contends that the Department's regulation defining a trust does not support defendants' arguments and would, moreover, be unconstitutional if interpreted in the fashion defendants suggest. See 86 Ill. Adm. Code 100.9750(e) (2010) ("a trust whose assets, activities and income are treated as belonging to its grantor for federal income tax purposes under the 'grantor trust' provisions of [the Internal Revenue Code] is not treated as a trust for Illinois income tax purposes"). Even if we were to fully credit plaintiff's argument about the regulation, it would not change the outcome of our decision. If, for the sake of argument, defendants had completely misapprehended the regulation, section 205(e) remains clear and unambiguous and remains consonant with the Illinois Constitution. Thus, if, as plaintiff contends, a "trust" as defined by the regulation is subject only to the income tax defined by the Act, but not the replacement tax, section 205(e) nevertheless indicates that a grantor trust shall not be subject to the replacement tax. 35 ILCS 5/205(e) (West 2016). Likewise, our determination above that section 205(e) comports with section 5(c) of article IX resolves plaintiff's contention that the regulation is unconstitutional because exempting grantor trusts from the replacement tax does not conflict with section 5(c) of article IX. Finally, the

regulation does not narrow the scope of intended taxation because its removal of grantor trusts from the scope of the replacement tax is coextensive with section 205(e). Accordingly, plaintiff's contentions fail on this point.

¶ 42                                III. CONCLUSION

¶ 43        For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County.

¶ 44        Affirmed.