CONSTANCE WILSON, Plaintiff-Appellant, v. THE CITY OF DECATUR, Defendant-Appellee.

Fourth District   No. 4—08—0566

Opinion filed April 28, 2009.

William E. Hourigan, of Decatur, for appellant.

John T. Robinson, Assistant Corporation Counsel, of Decatur, for appellee.

JUSTICE TURNER delivered the opinion of the court:

In December 2006, plaintiff, Constance Wilson, filed a complaint

against defendant, the City of Decatur (City), under the Animal Control Act (510 ILCS 5/1 through 35 (West 2006)), seeking to recover damages sustained when a dog owned by the City bit her. In January 2007, the City filed a motion to dismiss the complaint under section 2—615 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2—615 (West 2006)), contending it was immune from liability under the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/1—101 through 10—101 (West 2006)). After a February 2007 hearing on the motion, the trial court reserved ruling on the motion to permit the filing of additional memoranda. In March 2007, the court granted the City's motion to dismiss and allowed plaintiff time to file an amended complaint. In June 2006, the City made a motion to dismiss the complaint with prejudice based on plaintiff's failure to file an amended complaint, and the court granted the motion.

Plaintiff appealed, contending the trial court erred by dismissing her complaint. We reversed and remanded for further proceedings, finding the trial court's dismissal of plaintiff's complaint was premature because the court based its decision on facts outside the complaint. *Wilson v. City of Decatur*, No. 4—07—0499, slip order at 6 (December 31, 2007) (unpublished order under Supreme Court Rule 23).

Following our decision, the City filed a combined motion under section 2—619.1 of the Procedure Code (735 ILCS 5/2—619.1 (West 2006)) to renew its motion to dismiss plaintiff's complaint and for summary judgment. The trial court granted the motion to dismiss, finding (1) the City cured the pleading deficiencies from its initial section 2—615 motion to dismiss and (2) "the Tort Immunity Act controls and absent an allegation of willful and wanton conduct, [plaintiff's] motion must fail."

Plaintiff appeals, alleging the trial court erred in dismissing her complaint. We reverse and remand.

## I. BACKGROUND

In December 2006, plaintiff filed a complaint alleging that, on April 7, 2006, she was on private property in the 800 block of North Union Street in Decatur, Illinois, where she had a lawful right to be. While there, a dog, without provocation by her, came upon the property, attacked her, and injured her. On that date, the City was the dog's owner, as defined in section 2.16 of the Animal Control Act (510 ILCS 5/2.16 (West 2006)). She further alleged based "on information and belief" that the dog was a trained police attack dog that traveled in City police squad cars. Plaintiff sought recovery for damages resulting from the dog attack under the Animal Control Act.

In January 2007, the City filed a section 2—615 motion to dismiss, asserting immunity under sections 2—109 and 2—202 of the Tort Immunity Act (745 ILCS 10/2—109, 2—202 (West 2006)). Plaintiff filed a response to the City's motion, noting, *inter alia*, the City failed to file (1) an affidavit supporting its contention and (2) an affirmative defense. Following a February 2007 hearing, the court reserved ruling on the motion and granted plaintiff 14 days to file a response to the City's memorandum in support of its motion and the City 10 days thereafter to file a rebuttal.

Plaintiff filed a brief, noting again the City brought its motion under section 2—615 and thus the trial court had to rely on the allegations in the complaint to make its ruling. However, plaintiff provided a brief statement of facts that she believed would be presented if there was a motion for summary judgment. Plaintiff noted she was in an apartment when the police were called due to a domestic dispute between her sister and her sister's boyfriend. Plaintiff left the apartment and went outside because she did not want to be present when the police arrived. "She was sitting on a neighbor's step when the police dog got loose and came over to her[,] barked at her twice[,] and bit her on the stomach." The City did not file a reply brief, and the court removed the case from advisement on March 14, 2007.

In its March 14, 2007, docket order, the trial court noted "[t]here appears to be no dispute that the incident in question occurred during the course of a police investigation, and that the dog's handler was a police officer employed by the [City] engaged in the course of his duties as a police officer." The court found the sole question was whether the Animal Control Act or the Tort Immunity Act controlled under those circumstances and concluded the Tort Immunity Act controlled. Thus, the court granted the City's motion and allowed plaintiff 21 days to file a new amended complaint.

In June 2007, the City made a motion to dismiss the cause with prejudice based on plaintiff's failure to file an amended motion, which the trial court granted. Plaintiff appealed to this court, and we reversed and remanded the trial court's dismissal of plaintiff's complaint. Specifically, we held the trial court improperly dismissed plaintiff's complaint by basing its decision on facts outside the record and four corners of the complaint. *Wilson*, slip order at 6.

Following our decision, the City renewed its motion to dismiss, this time pursuant to section 2—619.1 of the Procedure Code (735 ILCS 5/2—619.1 (West 2006)). In its motion, the City contended, *inter alia*, (1) "[p]ursuant to [s]ection 2—202 of the [Tort Immunity Act], a local government employee is not liable for any act or omission in the execution or enforcement of any law unless such act or omission

constitutes willful and wanton conduct," and (2) pursuant to section 2—109 of the Tort Immunity Act, "a local public entity is not liable for an injury resulting from an act or omission of its employee where its employee is not liable." In a docket entry dated May 15, 2008, the trial court granted the City's motion to dismiss, finding the Tort Immunity Act controls and citing to its March 14, 2007, docket entry, which stated "[p]laintiff must plead and prove willful and wanton conduct on the part of [the City] to recover." This appeal followed.

## II. ANALYSIS

On appeal, plaintiff contends the trial court erred in granting the City's 2—619.1 motion to dismiss by improperly finding the City immune from liability under section 2—109 of the Tort Immunity Act. Specifically, plaintiff argues that "[n]owhere in the Tort Immunity Act does it provide for immunity to the [C]ity for ownership of a dog" and thus the City is strictly liable for plaintiff's injuries under the Animal Control Act. We agree.

"[S]tatutory immunity is an affirmative matter that can be raised in a section 2—619 motion." *Lawson v. City of Chicago*, 278 Ill. App. 3d 628, 636, 662 N.E.2d 1377, 1383 (1996). A section 2—619 motion to dismiss admits the legal sufficiency of the complaint and raises defects, defenses, or other matters that act to defeat the claim. *Krilich v. American National Bank & Trust Co. of Chicago*, 334 Ill. App. 3d 563, 569-70, 778 N.E.2d 1153, 1160 (2002). When ruling on a section 2—619 motion, the trial court may consider the pleadings, depositions, and affidavits. *Krilich*, 334 Ill. App. 3d at 570, 778 N.E.2d at 1160. We review *de novo* a trial court's decision to grant a combined motion to dismiss under section 2—619.1. *Cohen v. McDonald's Corp.*, 347 Ill. App. 3d 627, 632, 808 N.E.2d 1, 5 (2004). Further, interpretation of the Tort Immunity Act is a matter of law, which we also review *de novo*. *Smith v. Waukegan Park District*, 231 Ill. 2d 111, 115, 896 N.E.2d 232, 235 (2008).

Plaintiff alleges the trial court erred in granting the City's section 2—619.1 motion to dismiss because, pursuant to section 16 of the Animal Control Act, the City is strictly liable for her injuries. Section 16 states as follows:

"If a dog ***, without provocation, attacks, attempts to attack, or injures any person who is peaceably conducting himself or herself in any place where he or she may lawfully be, the owner of such dog *** is liable in civil damages to such person for the full amount of the injury proximately caused thereby." 510 ILCS 5/16 (West 2006).

Pursuant to this language, the Act "dispens[es] with the common-law rule that an owner is not liable for injuries his dog inflicts unless he

has notice of the dog's vicious propensities." *Garcia v. Nelson*, 326 Ill. App. 3d 33, 40, 759 N.E.2d 601, 607-08 (2001). Rather, section 16 of the Act holds animal owners strictly liable to " 'innocent bystanders' who, by virtue of their relationship (or lack of one) to the animal, have no reason to know or avoid the risk that the animal poses to them." *Garcia*, 326 Ill. App. 3d at 40, 759 N.E.2d at 608.

In the case at bar, the parties agree plaintiff was in a place she was lawfully entitled to be when the City's police dog bit her. See 510 ILCS 5/16 (West 2006). However, the City argues that because it is a municipal corporation, it is immune from tort liability absent willful and wanton conduct by its police officer. The City bases its argument on the following two sections of the Tort Immunity Act: (1) section 2—109, which states "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable" (745 ILCS 10/2—109 (West 2006)) and (2) section 2—202, which states "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct" (745 ILCS 10—2—202 (West 2006)). In her complaint, plaintiff failed to plead that the police officer controlling the dog was at fault for plaintiff's injuries. Thus, the City contends that because "[its] liability must be predicated on the act or omission of its employees," the trial court properly dismissed plaintiff's complaint. Plaintiff counters the City's argument by asserting her cause of action is one of strict liability rather than negligence and thus not within the scope of the Tort Immunity Act. We turn to the Tort Immunity Act's language to examine the merit of plaintiff's argument.

"Statutory language must be given its plain and ordinary meaning, and courts are not free to construe a statute in a manner that alters the plain meaning of the language adopted by the legislature." *Murray v. Chicago Youth Center*, 224 Ill. 2d 213, 235, 864 N.E.2d 176, 189 (2007). "If the language of a statute is clear, this court must give effect to its plain and ordinary meaning without resort to other aids of statutory construction." *Murray*, 224 Ill. 2d at 235, 864 N.E.2d at 189. The Tort Immunity Act's language is unambiguous: "A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2—109 (West 2006). However, plaintiff asserts hers is a strict-liability case, "not a negligence case," and thus section 2—109 of the Tort Immunity Act is inapplicable to her claim because "it is the actions of the dog [(the City's property)] which are called into question, not the actions of the [City's] employees." We agree.

"[A] governmental body, when exercising authority pursuant to a

governmental duty and for a governmental purpose, cannot be liable to a private plaintiff for the *negligent* exercise of that authority." (Emphasis added.) *Kirchgessner v. County of Tazewell*, 162 Ill. App. 3d 510, 514, 516 N.E.2d 379, 382 (1987). However, in this case, plaintiff does not assert a City employee acted negligently in handling the police dog. Rather, plaintiff contends the City was the owner of the dog and thus was strictly liable under section 16 of the Animal Control Act.

Section 2.16 of the Act defines "owner" as "any person having a right of property in an animal, or who keeps or harbors an animal, or who has it in his care, or acts as its custodian, or who knowingly permits a dog to remain on any premises occupied by him or her." 510 ILCS 5/2.16 (West 2006). Further, "person" includes "any *** municipal corporation or political subdivision of the State." 510 ILCS 5/2.17 (West 2006). Thus, under the Animal Control Act, the City was the owner of the police dog. See *Kirchgessner*, 162 Ill. App. 3d at 513, 516 N.E.2d at 381 (finding the defendant County of Tazewell was "a political subdivision of the State" and thus qualified as the owner of a dog "within the definition of a 'person' under the [Animal Control] Act"). As owner of the dog, the City "is liable in civil damages to such person for the full amount of the injury proximately caused thereby" (510 ILCS 5/16 (West 2006)).

Pursuant to the plain language of the Animal Control Act, the City is strictly liable as the owner pursuant to section 16. The City claims immunity under section 2—109 of the Tort Immunity Act. However, section 2—109 provides immunity for public entities from "an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2—109 (West 2006). Plaintiff does not allege the police officer handling the dog was liable; rather, plaintiff contends mere ownership of the dog is the basis for the City's liability. Thus, section 2—109 does not grant immunity to the City in this case.

Moreover, the General Assembly's purpose in enacting the Animal Control Act supports a finding that section 16 holds municipalities strictly liable for ownership of dogs trained to attack. Specifically, the General Assembly passed the Animal Control Act to protect the public from harm by encouraging the tight control of animals. *Wilcoxen v. Paige*, 174 Ill. App. 3d 541, 543, 528 N.E.2d 1104, 1106 (1988). Including police dogs within the purview of the Animal Control Act serves this purpose.

In this case, plaintiff's complaint alleged (1) at the time of the dog bite, plaintiff was on private property where she had a lawful right to be; (2) the City owned the attacking dog pursuant to section 2.16 of

the Animal Control Act; (3) the City was liable pursuant to section 16 of the Animal Control Act; and (4) plaintiff suffered injuries as a direct and proximate result of the attack. Therefore, the allegations in plaintiff's complaint were sufficient to withstand the City's section 2—619.1 motion to dismiss. Accordingly, we reverse and remand the trial court's dismissal of plaintiff's complaint.

## III. CONCLUSION

For the reasons stated, we reverse the trial court's dismissal of plaintiff's complaint and remand for further proceedings.

Reversed and remanded.

KNECHT and STEIGMANN, JJ., concur.