NOTICE

Decision filed 03/04/16. The text of this decision may be changed or corrected prior to the filing of a Petiion for Rehearing or the disposition of the same.

2016 IL App (5th) 150241

NO. 5-15-0241

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| RYNETTE BENTON, as Next Friend of Genevieve K. Southward, | ) ) ) | Appeal from the Circuit Court of Madison County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 14-L-723 |
| THE CITY OF GRANITE CITY, | ) ) | |
| Defendant-Appellant | ) ) | |
| (Frontier Management, Inc., and Senior Alternatives, Inc., d/b/a The Fountains, Defendants). | ) ) ) | Honorable Barbara L. Crowder, Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court, with opinion.
Justices Chapman and Cates concurred in the judgment and opinion.

**OPINION**

¶ 1    This cause comes before the court as an interlocutory appeal pursuant to Illinois Supreme Court Rule 308 (eff. Jan. 4, 2015). The circuit court of Madison County certified two questions after it denied the motion to dismiss (735 ILCS 5/2-619 (West 2014)) filed by the defendant, the City of Granite City (Granite City), in response to count I of the amended complaint filed by the plaintiff, Rynette Benton, as next friend of Genevieve Southward. The questions are as follows: (1) Does section 4-102 of the Local

1

Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/4-102 (West 2014)) provide immunity for claims brought under section 16 of the Animal Control Act (510 ILCS 5/16 (West 2014))? and (2) Is section 16 of the Animal Control Act (510 ILCS 5/16 (West 2014)) a strict liability statute? For the following reasons, we answer the first certified question in the affirmative under the facts of this case and decline to answer the second certified question. Accordingly, we reverse the order of the circuit court that denied Granite City's motion to dismiss and remand with directions that the circuit court enter an order dismissing count I of the plaintiff's amended complaint.

¶ 2                                    FACTS

¶ 3    On July 7, 2014, the plaintiff filed an amended complaint in the circuit court of Madison County against, *inter alia*, Granite City. Count I of the amended complaint stated a cause of action against Granite City pursuant to section 16 of the Animal Control Act (510 ILCS 5/16 (West 2014)). According to the amended complaint, on or about September 3, 2013, Genevieve was reported missing by the assisted living facility at which she resided, and the responding police officers, who were employees of Granite City, were notified that Genevieve suffered from Alzheimer's and dementia. The Granite City police department and its K-9 unit arrived on the scene to assist with the search for Genevieve. The amended complaint alleges that Granite City owned and was acting as the custodian for the police dog on the scene, known as AM, and that AM attacked and bit Genevieve on her arm during the search for her without provocation from Genevieve.

2

The amended complaint alleges that at the time AM bit Genevieve, she was peaceably conducting herself next to a public roadway.

¶ 4     On July 10, 2014, Granite City filed a motion to dismiss count I of the plaintiff's first amended complaint pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2014)). In its motion to dismiss, Granite City argued that it is immune from liability pursuant to section 4-102 of the Tort Immunity Act (745 ILCS 10/4-102 (West 2014)). In response, the plaintiff filed a motion for partial summary judgment as to count I of the amended complaint on July 17, 2014. In her motion for partial summary judgment, the plaintiff argued that section 16 of the Animal Control Act (510 ILCS 5/16 (West 2014)) is a strict liability statute. The plaintiff argued that by filing a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure, Granite City had admitted all well-pled allegations in the complaint, including the fact that it owned the dog and the dog bit Genevieve, which entitled the plaintiff to a judgment on liability as a matter of law.

¶ 5     After hearing argument on the motions and taking the matter under advisement, the circuit court entered an order on August 27, 2014, in which it denied both motions. The circuit court determined that section 4-102 of the Tort Immunity Act did not immunize Granite City from liability under section 16 of the Animal Control Act because section 16 of the Animal Control Act is a strict liability statute and the plaintiff properly pled all of the elements. Nevertheless, the circuit court denied the plaintiff's motion for partial summary judgment as to count I, finding it to be premature at this stage in the proceedings.

¶ 6     On March 6, 2015, Granite City renewed its motion to dismiss, which the circuit court again denied on April 2, 2015. On June 3, 2015, Granite City filed a motion to certify the questions raised by its motion to dismiss for interlocutory appeal pursuant to Rule 308. On June 3, 2015, the circuit court granted Granite City's motion and certified the following questions for appeal: (1) Does section 4-102 of the Tort Immunity Act provide immunity for claims brought under section 16 of the Animal Control Act? and (2) Is section 16 of the Animal Control Act a strict liability statute? On June 17, 2015, Granite City filed a petition for leave to appeal these questions, which we granted. The Illinois Municipal League filed an *amicus curiae* brief on behalf of Granite City.

¶ 7                                    ANALYSIS

¶ 8     The scope of review for an interlocutory appeal brought under Rule 308 is strictly limited to the certified questions. *Harvest Church of Our Lord v. City of East St. Louis*, 407 Ill. App. 3d 649, 652 (2011). However, this court may decline to answer a certified question where answering the question would not advance the ultimate termination of the litigation as required by Rule 308. *Lawndale Restoration Ltd. Partnership v. Acordia of Illinois, Inc.*, 367 Ill. App. 3d 24, 28 (2006). Because the questions certified by the circuit court must be questions of law, the applicable standard of review is *de novo*. *Harvest Church of our Lord*, 407 Ill. App. 3d at 652.

¶ 9     Turning to the first certified question on appeal, we begin with the relevant statutory language. Section 4-102 of the Tort Immunity Act provides that:

        "Neither a local public entity nor a public employee is liable for failure to establish
        a police department or otherwise provide police protection service or, if police
4

protection service is provided, for failure to provide adequate police protection or service, failure to prevent the commission of crimes, failure to detect or solve crimes, and failure to identify or apprehend criminals." 745 ILCS 10/4-102 (West 2014).

¶ 10 Section 4-102 of the Tort Immunity Act codifies, as an immunity, the common law "public duty rule," resulting in a blanket immunity which immunizes a municipality and its employees for the failure to provide police protection. *DeSmet v. County of Rock Island*, 219 Ill. 2d 497, 508 (2006) (quoting *Aikens v. Morris*, 145 Ill. 2d 273, 282 (1991)). The public policy for this immunity is well-established:

" '[A] police department's duty to preserve the well-being of the community is owed to the public at large, rather than specific individuals. [Citations.] The duty is so limited because of strong public policy considerations which seek to avoid placing police departments in the untenable position of guaranteeing the personal safety of each individual in the community.' " *Id.* (quoting *Aikens*, 145 Ill. 2d at 278 n.1).

¶ 11 In reviewing the underlying allegations of count I of the plaintiff's amended complaint, it is clear that the factual predicate for count I is that Granite City's police department, in carrying out a "search and rescue" mission for Genevieve, failed to control its police dog such that the dog injured her. In *DeSmet*, where the police failed to respond to a call about a missing motorist who was later found dead, our supreme court held that section 4-102 of the Tort Immunity Act is implicated when police are called to assist or locate motorists who have driven off the roadway because this activity results in

5

potential liability arising from failure to provide adequate police protection or service. *Id*. at 512. Similarly, in *Platacis v. Village of Streamwood*, 224 Ill. App. 3d 336, 340 (1991), the court held that section 4-102 of the Tort Immunity Act provided immunity to a municipality in a negligence action in which it was alleged that the police were unsuccessful in attempting to locate an intoxicated individual who was lost on a winter night, resulting in her death. Here, the Granite City police were successful in their attempts to locate Genevieve, potentially saving her life. To hold a city police department liable based on its discernment of how to conduct a search and rescue mission, and especially one that is successful in locating an individual as in this case, would be wholly inconsistent with the strong public policy underlying section 4-102 of the Tort Immunity Act. Such a holding would also have a deterring effect on police departments' use of police dogs on these often life-saving search and rescue missions.

¶ 12 We recognize that count I of the plaintiff's amended complaint did not sound in negligence or intentional misconduct, but rather was predicated on section 16 of the Animal Control Act, which provides:

> "If a dog or other animal, without provocation, attacks, attempts to attack, or injures any person who is peaceably conducting himself or herself in any place where he or she may lawfully be, the owner of such dog or other animal is liable in civil damages to such person for the full amount of the injury proximately caused thereby." 510 ILCS 5/16 (West 2014).

¶ 13 Generally, in order to recover under the Animal Control Act, the plaintiff must prove four elements: (1) the injury was caused by an animal owned by the defendant; (2)

6

lack of provocation; (3) the peaceable conduct of the injured person; and (4) the presence of the injured person in a place where he has a legal right to be. *Meyer v. Naperville Manner, Inc.*, 262 Ill. App. 3d 141, 147 (1994). As such, the negligence or willful and wanton misconduct of the defendant is not required. *Id*. However, as discussed above, the underlying factual predicate as to the cause of Genevieve's injuries implicates section 4-102 of the Tort Immunity Act because it derives from the adequacy of police protection services. Because of the strong public policy, discussed above, that underlies section 4-102 of the Tort Immunity Act, we hold that where, as here, the underlying facts of a cause of action pursuant to section 16 of the Animal Control Act derive from the use of an animal in providing police protection services, section 4-102 of the Tort Immunity Act provides immunity. Accordingly, we answer the first certified question in the affirmative under the facts of this case. Because we find that 4-102 of the Tort Immunity Act immunizes Granite City from the plaintiff's Animal Control Act claim, we reverse the order of the circuit court that denied Granite City's motion to dismiss count I of the plaintiff's amended complaint and remand with directions that the circuit court enter an order dismissing count I.

¶ 14    We acknowledge the decision of our colleagues in the Fourth District in *Wilson v. City of Decatur*, 389 Ill. App. 3d 555, 560-61 (2009), wherein the court held that sections 2-109 and 2-202 of the Tort Immunity Act (745 ILCS 10/2-109, 2-202 (West 2006)) did not immunize a city police department from a cause of action pursuant to section 16 of the Animal Control Act. We find *Wilson* to be distinguishable. In *Wilson*, the facts underlying the plaintiff's cause of action did not derive from the adequacy of police

7

protection services, and the vital public policies underlying the public duty rule as codified in section 4-102 of the Tort Immunity Act were in no way implicated. Rather, the plaintiff in *Wilson* alleged that she was on private property when a dog that, upon information and belief, was a trained police attack dog owned by the City of Decatur came upon the property and attacked her. 389 Ill. App. 3d at 556. There was no allegation in *Wilson* that the police had been called upon to provide police protection or services to the plaintiff or anyone else or that the police dog attacked the plaintiff in the course of a police protection or services operation. For these reasons, we find *Wilson* to be inapposite.

¶ 15 Having answered the first certified question in the affirmative under the facts of this case, and holding that Granite City is immune from the plaintiff's Animal Control Act claim, we turn to the second certified question on appeal. We decline to address the second certified question because we find that our answer to the first certified question resolves the issues that were before the circuit court when it ruled on Granite City's motion to dismiss and will effectively terminate the litigation between the plaintiff and Granite City. Accordingly, we find that providing an answer to the second certified question would not advance the ultimate termination of this litigation as required by Rule 308. See *Lawndale Restoration Ltd. Partnership v. Acordia of Illinois, Inc.*, 367 Ill. App. 3d 24, 28 (2006).

¶ 16                                                   CONCLUSION

¶ 17 For the foregoing reasons, we answer the first certified question in the affirmative under the facts of this case. Accordingly, we reverse the April 2, 2015, order of the

8

circuit court of Madison County that denied Granite City's renewed motion to dismiss and remand with directions that the circuit court enter an order dismissing count I of the plaintiff's amended complaint with prejudice. We decline to answer the second certified question because our answer to the first certified question will terminate the litigation between the parties.

¶ 18    First certified question answered; second certified question not answered; cause reversed and remanded with directions.

2016 IL App (5th) 150241

NO. 5-15-0241

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| RYNETTE BENTON, as Next Friend of Genevieve K. Southward, | ) ) ) | Appeal from the Circuit Court of Madison County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 14-L-723 |
| THE CITY OF GRANITE CITY, | ) ) | |
| Defendant-Appellant | ) ) | |
| (Frontier Management, Inc., and Senior Alternatives, Inc., d/b/a The Fountains, Defendants). | ) ) ) | Honorable Barbara L. Crowder, Judge, presiding. |

**Opinion Filed:**      March 4, 2016

**Justices:**      Honorable James R. Moore, J.

                 Honorable Melissa A. Chapman, J., and
                 Honorable Judy L. Cates, J.,
                 Concur

**Attorneys for Appellant**      Dawn Kamadulski O'Leary, Eric W. Evans, Evans Blasi, 1512 Johnson Road, Granite City, IL 62040

                 Andrew M. Ramage, Daniel L. Hamilton, Brown, Hay & Stephens, LLP, 205 South Fifth Street, Suite 700, Springfield, IL 62705-2459 (*amicus curiae* brief of Illinois Municipal League)

**Attorneys for Appellee**      Janel L. Freeman, Edward W. Unsell, Fred Patrick Schuman, Unsell & Schuman, 69 South Ninth Street, East Alton, IL 62024