**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240132-U

Order filed February 5, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| LAKEVIEW LOAN SERVICING, LLC, | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Du Page County, Illinois, |
| | ) | |
| v. | ) | |
| | ) | |
| ELIZABETH G. DELARAMA; THE | ) | Appeal No. 3-24-0132 |
| CAMBRIA CONDOMINIUM ASSOCIATION; | ) | Circuit No. 22-FC-600 |
| and UNKNOWN OWNERS AND | ) | |
| NONRECORD CLAIMANTS, | ) | |
| | ) | Honorable |
| Defendants | ) | Bryan S. Chapman, |
| | ) | Robert G. Gibson, |
| (Elizabeth G. Delarama, Defendant-Appellant.) | ) | Judges, Presiding. |

_____

PRESIDING JUSTICE BRENNAN delivered the judgment of the court.
Justices Peterson and Bertani concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The trial court did not err in dismissing defendant's section 2-1401(f) petition. Affirmed.

¶ 2    Defendant, Elizabeth Delarama, appeals the trial court's dismissal of her section 2-1401(f) petition, arguing that the court's order shortening the redemption period and judgment for

foreclosure and sale are void because they were procured by fraud. For the reasons set forth below, we affirm.

## I. BACKGROUND

In 2016, Delarama refinanced the mortgage on her Lombard residence. The refinanced mortgage was serviced by Freedom Mortgage Corporation (Freedom), and the loan was in the amount of $159,348. Delarama's payments were due on the first day of each month. In a December 16, 2021, letter addressed to Delarama at her residence, Freedom notified her that, effective January 4, 2022, her loan servicing would be transferred to Mr. Cooper, Subservicer for Lakeview. The letter explained that Freedom would cease accepting payments on January 3, 2022, and Mr. Cooper, Subservicer for Lakeview, would begin accepting payments on January 4, 2022. The letter set forth payment instructions and stated,

> "Please be advised that if you are currently enrolled in auto-pay, it will be discontinued on January 4, 2022. You will be required to set up a new auto-pay enrollment with MR. COOPER,[]SUBSERVICER FOR LAKEVIEW, if MR COOPER,[]SUBSERVICER FOR LAKEVIEW provides such a service."

On July 27, 2022, Delarama's mortgage was assigned by Freedom to Lakeview by way of a corporate assignment of mortgage.

On August 5, 2022, Lakeview filed a complaint to foreclose Delarama's mortgage, alleging that she had not submitted any payments from February 2022 through the date of filing.[1] A summons was issued the same day.

---

[1] The Cambria Condominium Association (Cambria) was joined as a defendant due to its interest in the property through its status as the condominium association. Cambria did not participate in the underlying litigation and has not filed a brief on appeal.

¶ 6    On August 24, 2022, Lakeview filed an affidavit seeking service upon Delarama by publication, as well as an affidavit of Erin Bitz, a skip trace investigator, explaining that the service attempt upon Delarama was unsuccessful and that, upon diligent inquiry, she could not be located. Attached as an exhibit was an affidavit of due diligence, detailing the investigation that was conducted. Also attached as an exhibit was an affidavit of Vito Davis, a special process server, explaining as follows that an August 10, 2022, service attempt was unsuccessful:

"08/10/2022 12:03:00 PM – Non-service Vacant; No Power; Arrived at the location; attempted service rung bell and knocked on the door multiple times and no answer[;] vacancy notice posted on front door from Cyprexx [phone number][;] vacant as of 07/19/2022[;] no further activity seen."

Lakeview subsequently filed a certificate of publication and a certificate of mailing notice by publication.

¶ 7    On October 5, 2022, Lakeview filed a motion for entry of an order for default, petition to shorten redemption period, and motion for entry of a judgment for foreclosure and sale. Attached to the petition to shorten redemption period was an affidavit of abandonment signed by Davis. When prompted to identify two statutory factors indicating abandonment of the property, he selected the following boxes: (1) "Gas, electric, or water services have been terminated," and (2) "There exists other evidence indicating a clear intent to abandon the Property," restating the facts set forth in his previous affidavit, *supra* ¶ 6. See 735 ILCS 15-1200.5 (West 2022) (defining "abandoned residential property"). Photographs of the property were attached, as well as a photograph of the Cyprexx notice, which stated, "This property has been determined to be vacant. This information will be reported to the mortgage servicer responsible for maintaining this property. The mortgage servicer has the right to protect this property." The notice provided a phone

3

number to call in the event the property was not vacant and warned that failure to call within three calendar days would result in "routine preservation services." The notice was dated July 19, 2022.

¶ 8        On October 24, 2022, an order of default, order shortening redemption period (redemption order), and judgment for foreclosure and sale (judgment) were entered. The court shortened the redemption period to 30 days from the date of the judgment, finding that the property had been abandoned by Delarama and citing the affidavit filed by Lakeview. The same day, a notice of entry of default and judgment of foreclosure was mailed to Delarama at her residence.

¶ 9        On January 10, 2023, Callen Properties, LLC (Callen), purchased the property for $190,500 at a sheriff's sale. On February 1, 2023, the court entered an order confirming the sale and an order of possession.

¶ 10        Six months later, on August 2, 2023, Delarama's counsel filed an appearance and a petition to vacate the redemption order and judgment pursuant to section 2-1401(f) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-1401(f) (West 2022) (concerning relief from void orders and judgments)). Delarama claimed that, in October 2021, she traveled to the Philippines to visit family and did not return to the United States until April 12, 2023. Delarama was enrolled in automatic payments with Freedom but, due to her travel, did not receive Freedom's December 16, 2021, notice that her mortgage was being transferred and was unaware that she needed to re-enroll in a payment method with Lakeview. She denied having abandoned the property and argued that the court relied upon an incorrect affidavit of abandonment, leading to the erroneous entry of both the redemption order and judgment. In support, she explained that, contrary to the affidavit of abandonment, her utilities were not turned off, and she attached documents showing that she paid her gas, electric, water, and sewer bills during her absence. Thus, Delarama requested that the redemption order, judgment, order confirming the sale, and order of possession be vacated as void.

4

¶ 11          On October 27, 2023, Lakeview filed a combined motion to dismiss Delarama's petition pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2022)). First, Lakeview argued that Delarama's claim failed as a matter of law under section 2-619 of the Code (*id.* § 2-619) because "orders are void only where there exists a complete lack of subject-matter jurisdiction," and that the court, indeed, had subject matter jurisdiction. Second, Lakeview argued that Delarama's claim was barred by section 15-1509(c) of the Code (*id.* § 15-1509(c)) due to the fact that title to the property was vested to Callen by a sheriff's deed. Third, Lakeview argued that section 2-1401(e) of the Code (*id.* § 2-1401(e)) further barred Delarama's claim, as the vacation of the orders and judgment could not affect title to the property due to Callen's purchase of the same, thereby rendering Delarama's petition moot. Lastly, Lakeview argued that section 2-615 of the Code (*id.* § 2-615) required dismissal of Delarama's petition because she failed to (1) plead the existence of a meritorious defense that would have precluded entry of the judgment and due diligence in filing her petition and (2) name all required parties, *i.e.,* Callen.

¶ 12          Following briefing and a hearing, the court dismissed Delarama's petition with prejudice, reasoning, *inter alia*, that (1) the orders would only be void if Delarama "was not served so that the court did not have jurisdiction"; (2) Delarama did not directly attack service; and (3) Delarama failed to allege a meritorious defense or due diligence. This appeal followed.

¶ 13                                    II. ANALYSIS

¶ 14          On appeal, Delarama challenges the court's dismissal of her petition. She argues that the court erred by failing to find that Lakeview committed fraud when it claimed that Delarama's utility services were terminated in its affidavit of abandonment. Delarama argues that fraud renders the redemption order and judgment void. For the reasons set forth below, we affirm.

5

¶ 15    Section 2-619.1 of the Code allows a party to file combined motions to dismiss pursuant to sections 2-615 and 2-619. A section 2-615 motion to dismiss challenges a pleading as being legally deficient on its face. *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 25. The relevant inquiry is "whether the facts alleged in the complaint, viewed in the light most favorable to the [nonmoving party], and taking all well-pleaded facts and all reasonable inferences that may be drawn from those facts as true, are sufficient to state a cause of action upon which relief may be granted." *Id.* Alternatively, a section 2-619 motion to dismiss admits that the pleading is legally sufficient but asserts an affirmative matter outside of the pleading to defeat the cause of action. *Id.* ¶ 31. A trial court's dismissal of a pleading pursuant to section 2-619.1 is reviewed *de novo*. *Wilson v. City of Decatur*, 389 Ill. App. 3d 555, 558 (2009).

¶ 16    To provide context for Delarama's claim, we first set forth the statutory framework underlying the court's authority to make a finding of abandonment and shorten the redemption period. Generally, the redemption period extends three months from the date of entry of a judgment for foreclosure. 735 ILCS 5/15-1603(b)(1) (West 2022). However, it shall be shortened to 30 days where there is a finding that the property has been abandoned. *Id.* § 15-1603(b)(4). Pursuant to section 15-1200.5 of the Code, a residential property is abandoned where the property

"(a) either:

(1) is not occupied by any mortgagor or lawful occupant as a principal residence; or

(2) contains an incomplete structure if the real estate is zoned for residential development, where the structure is empty or otherwise uninhabited and is in need of maintenance, repair, or securing; and

(b) with respect to which either:

(1) *two or more of the following conditions are shown to exist*:

6

* * *

(E) *gas, electrical, or water services to the entire property have been terminated*;

* * *

(K) there exists other evidence indicating a clear intent to abandon the property[.]" (Emphases added.)

¶ 17     Focusing on the statutory definition of abandonment, Delarama argues that Lakeview fraudulently stated in its affidavit of abandonment that the property's utility services had been terminated. Because the utilities were, in fact, not terminated, two statutory factors indicating Delarama intention to abandon the property, as required by section 15-1200.5(b)(1), were not present. Thus, Delarama continues, the redemption order and judgment are void because they were fraudulently procured.

¶ 18     Section 2-1401 provides an avenue for a litigant to seek relief from a final order or judgment where more than 30 days have elapsed since its entry. The general rule is that the petition "must be filed within two years of the order or judgment, *** must allege a meritorious defense to the original action, and *** must show that the petition was brought with due diligence." *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002). However, a petition attacking a judgment or order as void pursuant to section 2-1401(f) need not adhere to these requirements. *Id.* at 104. This is the approach taken by Delarama on appeal, as she does not challenge the court's conclusion that she failed to allege a meritorious defense and due diligence, thereby prohibiting relief under any other provision of section 2-1401.

¶ 19     An order or judgment can be attacked as void only where the court lacked subject matter jurisdiction or personal jurisdiction. *Taylor v. Bayview Loan Servicing, LLC*, 2019 IL App (1st) 172652, ¶ 14. Accordingly, while "[f]raud can render a judgment void, *** not all fraud can do

so." *In re M.B.* 235 Ill. App. 3d 352, 377 (1992). Only an order or judgment that has been touched by fraud that deprives the court of jurisdiction is void.

> "Courts distinguish between fraud which prevents a court from acquiring jurisdiction or merely gives the court colorable jurisdiction, and fraud occurring after the court's valid acquisition of jurisdiction, such as false testimony or concealment. [Citations.] Only judgments procured by the former type of fraud are void. [Citations.] This type of fraud is sometimes referred to as 'extrinsic fraud,' which is defined as fraud that occurs in situations where an unsuccessful party has been prevented from fully exhibiting his case by being kept away from the court or is kept from gaining knowledge of the suit. [Citations.]" *In re Adoption of E.L.*, 315 Ill. App. 3d 137, 154 (2000).

"Extrinsic fraud is collateral to the issues of a case and prevents the unsuccessful party from having a fair opportunity to participate in and defend the action." *Protein Partners, LLP v. Lincoln Provision, Inc.*, 407 Ill. App. 3d 709, 716 (2010). Conversely, intrinsic fraud goes to the actual merits of the case. *Id.* Intrinsic fraud is that which occurs *after* the court has validly acquired jurisdiction and renders an order or judgment voidable, not void. *In re M.B.*, 235 Ill. App. 3d at 378. A voidable order or judgment is entered, albeit erroneously, by a court having jurisdiction and is not subject to collateral attack. *Taylor*, 2019 IL App (1st) 172652, ¶ 14.

¶ 20        Delarama's argument that fraud can serve as a distinct theory of voidness that is extricable from jurisdictional considerations is incorrect. Even accepting as true that the redemption order and judgment were fraudulently procured, Delarama's allegations fall squarely within the category of intrinsic fraud that has been explicitly excluded as a basis to void an order or judgment. See *In re M.B.*, 235 Ill. App. 3d at 377-78; *Protein Partners*, 407 Ill. App. 3d at 716; *Adoption of E.L.*, 315 Ill. App. 3d at 154. The alleged fraud occurred *after* the court acquired jurisdiction. Delarama

8

has not challenged the court's personal jurisdiction, which was properly acquired through service by publication. The court also had subject matter jurisdiction, as foreclosure cases fall within the general class of cases that the trial court has the authority to hear and determine. *Nationstar Mortgage, LLC v. Canale*, 2014 IL App (2d) 130676, ¶ 18. Moreover, Delarama's allegations pertain to the actual merits of the case and are akin to false testimony. See *Adoption of E.L.*, 315 Ill. App. 3d at 154.

¶ 21 Finally, Delarama implicitly argues that she was not required to plead a meritorious defense or due diligence because such allegations are not necessary when seeking relief from a void judgment. Indeed, she states in her reply brief that she "is attempting to vacate a Judgment as being VOID due to FRAUD." Accordingly, because Delarama's sole theory of relief is voidness and the facts pled can only be classified as intrinsic fraud, the court properly dismissed her petition. We affirm.

¶ 22                                    III. CONCLUSION

¶ 23 The judgment of the circuit court of Du Page County is affirmed.

¶ 24 Affirmed.